Afroza AKTAR; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73161.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wernery, Esq., William C. Peachey, Washington, DC, for Respondent.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Afroza Aktar, Fateul Talkuder, and Farsina Talkuder appeal their denial of asylum and withholding of removal. The IJ denied relief because she found Aktar to be not credible, stating, "I do not believe the respondent and I have noted the material variances between the application and the cross and redirect examinations." We are troubled by many of the IJ's remarks, and some of her comments are insupportable as well as offensive. Nevertheless, substantial evidence in the record supports the negative credibility determination, namely the material inconsistencies between Aktar's application and her testimony relied upon by the IJ.[1]

Aktar testified that she was raped because of her involvement in government-sponsored family planning activities. She testified that she started volunteering for family-planning work after two years of college, but she also testified that in 1989, she was 15 and attending college. Based on this discrepancy, the IJ found that she had not been engaged in family planning activities at the time of her rape. Additionally, Aktar stated in her application that she was arrested in 1994 but not charged with any crime. In her testimony, she stated that she was charged with a crime as part of that incident. These inconsistencies "involved the heart of the asylum claim and support the negative credibility finding."[2]

In light of the IJ's negative credibility finding, we hold that substantial evidence supports the IJ's decision that Aktar failed to prove that any persecution she may have suffered in Bangladesh was *because of* her gender or political opinion.[3] The remaining evidence would not "compel any reasonable factfinder to conclude that the requisite fear of persecution has been shown" by Mrs. Aktar.[4]

Because Aktar has not proven eligibility for asylum, the IJ correctly held that she cannot show eligibility for withholding of removal.[5]

We decline to consider Aktar's assertion that the BIA improperly denied her Convention Against Torture[6] claim because she failed to adequately brief this claim on

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

2. *de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997) (internal quotations omitted).

3. See *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

4. *Ernesto Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000).

5. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

6. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, · U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

appeal, and we deem it waived.[7]

Petition DENIED.

---

7. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).

